IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE HIBBLER**
**MAGISTRATE JUDGE ASHMAN**

| | |
|---|---|
| WILLIAM G. POWERS, | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) COMPLAINT AND |
| COOK COUNTY ILLINOIS, | ) JURY DEMAND |
| Defendant. | ) |

### COMPLAINT     J. N.

**Plaintiff Demands A Trial By Jury On All Counts**

NOW COMES the Plaintiff, WILLIAM G. POWERS, by his attorneys, ASHMAN & STEIN, and as and for his Complaint against the Defendant, COOK COUNTY ILLINOIS, an Illinois body politic, alleges as follows:

### THE PARTIES

1.  Plaintiff is a resident of Gurnee, Illinois.

2.  Upon information and belief, Defendant is a governmental entity, namely a county, duly existing under the Constitution of the State of Illinois.

3.  Plaintiff worked specifically for a division of Cook County, *to wit*, the Cook County Department of Highways.

4.  Defendant is an "employer", as defined in The Civil Rights Act of 1964, 42 U.S.C § 2000e(b).

### JURISDICTION AND VENUE

5.  This action is brought to remedy discrimination on the basis of a disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. (the "Act"). Plaintiff seeks injunctive and declaratory relief, damages and other appropriate relief sought pursuant to applicable federal law.

6. Plaintiff filed separate charges of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2007 (the "ADA Charge"), and on April 20, 2007 (the "Retaliation Charge"), respectively. The ADA Charge complained of acts of discrimination based upon Plaintiff's disability, *to wit*: Isaac's Syndrome; the Retaliation Charge complained of retaliation attributable to the filing of Plaintiff's ADA Charge. Each of the ADA Charge and the Retaliation Charge are attached hereto as Group Exhibit 1.

7. On January 2, 2008, the EEOC issued Plaintiff a Notice of Right to Sue informing him of his right to proceed against Defendant in Federal District Court with respect to the ADA Charge, such notice being attached hereto as <u>Exhibit 2</u>; and on January 8, 2008, the EEOC issued Plaintiff a Notice of Right to Sue informing him of his right to proceed against Defendant in Federal District Court with respect to the Retaliation Charge, such notice being attached hereto as <u>Exhibit 3</u>.

8. Plaintiff has fully complied with all administrative prerequisites to vest this Court with jurisdiction under the Act.

9. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE

10. Plaintiff realleges Paragraphs One through Nine, inclusive, as this Paragraph Ten, as though each were fully set forth herein.

11. Plaintiff is an individual with a disability, namely, Isaac's Syndrome. The symptoms of Isaac's Syndrome include muscle twitching, cramps and stiffness, fatigue, weakness, muscle hypertrophy, paresthesis, hyperhidrosis and various mental disturbances, all of which affect and limit one or more of Plaintiff's daily life functions, including, without limitation, his ability to operate a motor vehicle.

12. Plaintiff's disability required Plaintiff to seek frequent medical treatment and

caused Plaintiff to have a record of physical impairment.

13. As a result of Plaintiff's disability, continuing medical treatment and record of physical impairment, Defendant regarded and perceived Plaintiff to be disabled, and Plaintiff is in fact disabled, under the Act.

14. Plaintiff's disability notwithstanding, Plaintiff was at all times able to perform the essential elements of his job duties to the satisfaction of Defendant with a reasonable accommodation

15. Until April 22, 2006, Plaintiff was employed by Defendant as a Laborer I in Des Plaines, Illinois, which is also where Plaintiff's medical treaters are located. However, on or about April 22, 2006, following a medical leave of absence, Plaintiff was transferred by Defendant to Rolling Meadows, Illinois, approximately thirty (30) miles from the location of Plaintiff's medical treaters.

16. From time to time thereafter, Plaintiff requested transfers back to Des Plaines, Illinois to accommodate his disability, however, Defendant failed and refused to allow Plaintiff to transfer back to its Des Plaines, Illinois location, or to make any other reasonable accommodations available to Plaintiff, although such accommodations would not have caused undue hardship to Defendant.

17. Plaintiff is informed and believes, and based thereon alleges, that Defendant's failures and refusals to accommodate Plaintiff's disability, as aforesaid, constituted repeated willful and intentional violations of the Act on the part of Defendant.

18. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, WILLIAM G. POWERS , respectfully requests that this Court enter judgment pursuant to § 107 of the Act, 42 U.S.C. § 12117, as follows:

A. Declaring that the acts and practices of Defendant complained of herein are violations of the Act;

B.  Enjoining and permanently restraining said violations of the Act;

C.  Directing Defendant to take such affirmative action that is necessary to ensure that the effects of Defendant's unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.  Directing Defendant to place Plaintiff in a position he would have occupied but for Defendant's discriminatory treatment of him and to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to back pay, pension, and other lost benefits;

E.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees and litigation expenses;

F.  Awarding the Plaintiff prejudgment interest on all of the above amounts; and

G.  Granting such other and further relief as this Court deems appropriate.

## COUNT II

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
RETALIATION**

19.  Plaintiff realleges Paragraphs One through Eighteen, inclusive, as this Paragraph Nineteen, as though each were fully set forth herein.

20.  Plaintiff filed the ADA Charge on or about January 8, 2007, as a direct result of the aforesaid discriminatory treatment directed against Plaintiff by Defendant,.

21.  On April 13, 2007, shortly after learning that Plaintiff had filed the ADA Charge, Defendant laid-off Plaintiff without regard to his past seniority rights.

22.  Plaintiff is informed and believes, and based thereon alleges, that Defendant laid off Plaintiff in retaliation for Plaintiff having filed the ADA Charge.

23.  Based on the foregoing, Plaintiff is informed and believes, and based thereon alleges, that Defendant wilfully and intentionally violated the Act.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, WILLIAM G. POWERS , respectfully requests that this Court enter judgment pursuant to § 107 of the Act, 42 U.S.C. § 12117, as follows:

A. Declaring that the acts and practices of Defendant complained of herein are violations of the Act;

B. Enjoining and permanently restraining said violations of the Act;

C. Directing Defendant to take such affirmative action that is necessary to ensure that the effects of Defendant's unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in a position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him and to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to back pay, pension, and other lost benefits;

E. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and litigation expenses;

F. Awarding the Plaintiff prejudgment interest on all of the above amounts; and

G. Granting such other and further relief as this Court deems appropriate.

### Demand for Trial By Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands Trial by Jury.

Respectfully submitted,

/s/ Carey M. Stein
One of Plaintiff's Attorneys

Carey M.Stein
ASHMAN & STEIN
Attorneys for Plaintiff
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484

**08 C 1773**

**JUDGE HIBBLER
MAGISTRATE JUDGE ASHMAN**

# GROUP EXHIBIT 1

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2007-01713 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. William G. Powers | (847) 548-0242 | 02-26-1966 |

Street Address: 831 Sierra Place, Gurnee, IL 60031

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COOK COUNTY HIGHWAY DEPARTMENT | 500 or More | (312) 603-1800 |

Street Address: 69 West Washington Street, Chicago, IL 60602

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-22-2006  Latest: 12-28-2006
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was employed by the above named Respondent on August 25, 1988. Most recently, I have held the position of Laborer I. Respondent is aware of my disabilities. On April 22, 2006, I was transferred to a different location. Since then, and continuing to present, I have requested a reasonable accommodation to my disability but my request has been denied.

II. I believe that I have been discriminated against because of my disabilities in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
JAN 8 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 28, 2006      X /s/ William G. Powers
Date                     Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-04604 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. William G. Powers | (847) 548-0242 | 02-26-1966 |

Street Address: 831 Sierra Place, Gurnee, IL 60031

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COOK COUNTY HIGHWAY DEPARTMENT | 500 or More | (312) 603-1800 |

Street Address: 69 West Washington Street, Chicago, IL 60602

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-13-2007  Latest: 04-13-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On January 8, 2007, I filed EEOC Charge # 440-2007-01713, against Respondent alleging disability discrimination. On April 13, 2007, I was laid off.

I believe I have been retaliated against for filing a charge of employment discrimination, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
April 20, 2007
CHICAGO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4/20/07 — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**08 C 1773**

**JUDGE HIBBLER**
**MAGISTRATE JUDGE ASHMAN**

# EXHIBIT 2

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5072 9080

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Mr. William G. Powers
831 Sierra Place
Gurnee, IL  60031

January 2, 2008

Re:  EEOC Charge Against Cook County Highway Department
     No. 440200701713

Dear Mr. Powers:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Cook County Highway Department

# EXHIBIT 3

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5053 2932

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Mr. William G. Powers
831 Sierra Place
Gurnee, IL 60031

January 8, 2008

Re: EEOC Charge Against Cook County Highway Dept.
No. 440200704604

Dear Mr. Powers:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
   Title I of the Americans with Disabilities Act of 1990,
   42 U.S.C. 12111, et seq., and,
   Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by Karen S. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
    Cook County Highway Dept.