IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. POWERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 1773 |
| | ) | |
| COOK COUNTY, ILLINOIS, | ) | Honorable William J. Hibbler |
|     Defendant. | ) | |

## COOK COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Cook County, Illinois, by its attorney, RICHARD A. DEVINE, Cook County State's Attorney, through Julie Ann Sebastian, Assistant State's Attorney, answers Plaintiff's complaint as follows:

### THE PARTIES

1. Plaintiff is a resident of Gurnee, Illinois.

**ANSWER:** At the time of this lawsuit, Defendant lacks sufficient knowledge or information to admit the residency of Plaintiff, and, therefore, denies Plaintiff's averment regarding residency.

2. Upon information and belief, Defendant is a governmental entity, namely a county, duly existing under the Constitution of the State of Illinois.

**ANSWER:** Defendant, Cook County, is a body politic and corporate pursuant to 55 ILCS 5/5-1001.

3. Plaintiff worked specifically for a division of Cook County, *to wit*, the Cook County Department of Highways.

**ANSWER:** Admit.

4. Defendant is an "employer", as defined in The Civil Rights Act of 1964, 42 U.S.C. § 2000c(b).

**ANSWER:** Plaintiff claims a violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "Act"), thus, Defendant reference to the Civil Rights Act of 1964 is inapplicable to this action.

## JURISDICTION AND VENUE

5. This action is brought to remedy discrimination on the basis of a disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. (the "Act"). Plaintiff seeks injunctive and declaratory relief, damages and other appropriate relief sought pursuant to applicable federal law.

**ANSWER:** Defendant admits that Plaintiff seeks redress under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, that Plaintiff invokes jurisdiction of this Court under the provisions of the Act, and that jurisdiction is proper based on 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a), but denies that Plaintiff is entitled to any relief thereunder.

6. Plaintiff filed separate charges of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2007 (the "ADA Charge"), and on April 20, 2007 (the "Retaliation Charge"), respectively. The ADA Charge complained of acts of discrimination based upon Plaintiff's disability, *to wit*, Isaac's Syndrome; the Retaliation Charge complained of retaliation attributable to the filing of Plaintiff's ADA Charge. Each of the ADA Charge and the Retaliation Charge are attached hereto as Group Exhibit 1.

**ANSWER:** Defendant admits that charges of discrimination were filed with the EEOC, and that Plaintiff filed a charge of discrimination that is stamped received on January 8, 2007, but Defendant denies that the EEOC Charge dated January 8, 2007, #440-2007-01713, makes any reference to the nature of Plaintiff's disability, *to wit*, Isaac's Syndrome.

7. On January 2, 2008, the EEOC issued Plaintiff a Notice of Right to Sue informing him of his right to proceed against Defendant in Federal District Court with respect to the ADA Charge, such notice being attached hereto as Exhibit 2; and on January 8, 2008, the EEOC issued Plaintiff a Notice of Right to Sue informing him of his right to proceed against Defendant in Federal District Court with respect to the Retaliation Charge, such notice being attached hereto as Exhibit 3.

**ANSWER**:    Admit.

8. Plaintiff has fully complied with all administrative prerequisites to vest this Court with jurisdiction under the Act.

**ANSWER:**    Defendant is without knowledge or information sufficient to respond to Plaintiff's assertion that he "has fully complied with all administrative prerequisites to vest this Court with jurisdiction under the Act," and, therefore, denies paragraph 8.

9. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

**ANSWER:**    Defendant admits that venue is proper but denies the remaining allegations of paragraph 9.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE

10. Plaintiff realleges Paragraphs One through Nine, inclusive, as this Paragraph Ten, as though each were fully set forth herein.

**ANSWER:**    Defendant reincorporates by reference its answers to paragraphs 1-10 as answer to paragraph 10.

11. Plaintiff is an individual with a disability, namely, Isaac's Syndrome. The symptoms of Isaac's Syndrome include muscle twitching, cramps and stiffness, fatigue, weakness, muscle

hypertrophy, paresthesis, hyperhidrosis, and various mental disturbances, all of which affect and limit one or more of Plaintiff's daily life functions, including, without limitation, his ability to operate a motor vehicle.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations that Plaintiff is an individual with a disability, namely, Isaac's Syndrome. Defendant is without sufficient knowledge to admit or deny the allegations that his symptoms "affect and limit one or more of Plaintiff's daily life functions, including, without limitation, his ability to operate a motor vehicle," and, therefore, denies paragraph 11.

12. Plaintiff's disability required Plaintiff to seek frequent medical treatment and caused Plaintiff to have a record of physical impairment.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff's disability required Plaintiff to seek frequent medical treatment; however, Defendant denies the allegation that Plaintiff's need to seek frequent medical treatment caused Plaintiff to have a record of physical impairment.

13. As a result of Plaintiff's disability, continuing medical treatment and record of physical impairment, Defendant regarded and perceived Plaintiff to be disabled, and Plaintiff is in fact disabled, under the Act.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations that as a result of Plaintiff's disability, continuing medical treatment, and record of physical impairment, Defendant regarded and perceived Plaintiff to be disabled, and Plaintiff is in fact disabled, under the Act, and therefore denies paragraph 13. To the extent that paragraph 13 makes a legal conclusion, Defendant objects to paragraph 13.

14. Plaintiff's disability notwithstanding, Plaintiff was at all times able to perform the essential elements of his job duties to the satisfaction of Defendant with a reasonable accommodation.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations that Plaintiff was at all times able to perform the essential functions of his job duties, and, thus, denies paragraph 14.

15. Until April 22, 2006, Plaintiff was employed by Defendant as a Laborer I in Des Plaines, Illinois, which is also where Plaintiff's medical treaters are located. However, on or about April 22, 2006, following a medical leave of absence, Plaintiff was transferred by Defendant to Rolling Meadows, Illinois, approximately thirty (30) miles from the location of Plaintiff's medical treaters.

**ANSWER:** Defendant admits that on April 22, 2006, Plaintiff was employed as a Laborer, and admits that Plaintiff had been assigned to work at the Cook County Highway Department, District 2 facility, which is located in Des Plaines, but denies the remaining allegations in paragraph 15.

16. From time to time thereafter, Plaintiff requested transfers back to Des Plaines, Illinois to accommodate his disability, however, Defendant failed and refused to allow Plaintiff to transfer back to its DesPlaines, Illinois location, or to make any other reasonable accommodations available to Plaintiff, although such accommodations would not have caused undue hardship to Defendant.

**ANSWER:** Defendant objects to the phrase "time to time" as too vague to answer, and denies the remaining allegations in paragraph 16.

17. Plaintiff is informed and believes, and based thereon alleges, the Defendant's failures and refusals to accommodate Plaintiff's disability, as aforesaid, constituted repeated willful and intentional violations of the Act on the part of Defendant.

**ANSWER:** Defendant denies paragraph 17.

18. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff "is now suffering and will continue to suffer irreparable injury," and, therefore, denies paragraph 18.

WHEREFORE, Plaintiff, WILLIAM G. POWERS, respectfully requests that this Court enter judgment pursuant to § 107 of the Act, 42 U.S.C. § 12117, as follows:

A. Declaring that the acts and practices of Defendant complained of herein are violations of the ACT;

B. Enjoining and permanently restraining said violations of the Act;

C. Directing Defendant to take such affirmative action that is necessary to ensure that the effects of Defendant's unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in a position he would have occupied but for Defendant's discriminatory treatment of him and to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory treatment including but not limited to back pay, pension, and other lost benefits;

E. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and litigation expenses;

F. Awarding the Plaintiff prejudgment interest on all of the above amounts; and

G. Granting such further and other relief as this Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### RETALIATION

19.    Plaintiff realleges Paragraphs One through Eighteen, inclusive, as this Paragraph Nineteen, as though each were fully set forth herein.

**ANSWER:**    Defendant reincorporates by reference its answers to paragraphs 1-18 as answer to paragraph 19.

20.    Plaintiff filed the ADA Charge on or about January 8, 2007, as a direct result of the aforesaid discriminatory treatment directed against Plaintiff by Defendant.

**ANSWER:**    Defendant is without sufficient knowledge to admit or deny the allegation or the causation alleged in paragraph 20, that is, that on January 8, 2007, as a direct result of discriminatory treatment, Plaintiff filed a charge of discrimination, and therefore deems paragraph 20 denied. Defendant admits that Plaintiff filed a charge of discrimination that is stamped received by the EEOC on January 8, 2007, as indicated in Group Exhibit 1.

21.    On April 13, 2007, shortly after learning Plaintiff had filed the ADA Charge, Defendant laid-off Plaintiff without regard to his past seniority rights.

**ANSWER:**    Defendant deems denied that portion of paragraph 21 that states "shortly after learning Plaintiff had filed the ADA Charge, Defendant laid-off Plaintiff," and further denies that Plaintiff was laid off on April 13, 2007.

22.    Plaintiff is informed and believes, and based thereon alleges, that Defendant laid off Plaintiff in retaliation for Plaintiff having filed the ADA Charge.

**ANSWER:**    Defendant denies paragraph 22.

23.    Based on the foregoing, Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully and intentionally violated the Act.

**ANSWER:**   Defendant denies paragraph 23.

24.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

**ANSWER:**   Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff "is now suffering and will continue to suffer irreparable injury," and, therefore, Defendant denies paragraph 24.

WHEREFORE, Plaintiff, William G. Powers, respectfully requests that this Court enter judgment pursuant to § 107 of the Act, 42 U.S.C. § 12117, as follows:

A. Declaring that the acts and practices of Defendant complained of herein are violations of the ACT;

B. Enjoining and permanently restraining said violations of the Act;

C. Directing Defendant to take such affirmative action that is necessary to ensure that the effects of Defendant's unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in a position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him and to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to back pay, pension, and other lost benefits;

E. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and litigation expenses;

F. Awarding the Plaintiff prejudgment interest on all of the above amounts; and

G. Granting such further and other relief as this Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

### Demand for Trial By Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands Trial by Jury.

**ANSWER**:  Defendant acknowledges that Plaintiff demands a trial by jury; Defendant also requests trial by jury.

### AFFIRMATIVE DEFENSES

1. Defendant for legitimate and non-discriminatory reasons took all employment actions related to allegations in the Complaint.
2. As a laborer working under the jurisdiction of the Cook County President, Plaintiff was a member of a union, was subject to the terms of the applicable collective bargaining agreement, which limited the rights of Union-members to transfer to certain open positions and, therefore, Defendant did not violate any law.

Respectfully submitted,

RICHARD A. DEVINE
**State's Attorney of Cook County**
By:    */s/ Julie Ann Sebastian*
Julie Ann Sebastian
Assistant Cook County State's Attorney
562 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3359
ARDC # 6195618