IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 cv 1773 |
| v. | ) | |
| | ) | |
| COOK COUNTY ILLINOIS, | ) | Judge Hibbler |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' REPORT OF PLANNING MEETING**

Plaintiff William G. Powers and Defendant Cook County, Illinois (collectively referred to as "the parties"), by their respective counsel, respectfully submit the following Report of the Parties' Planning Meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 3, 2008, by telephone conference, attended by:

    For Plaintiff:   Carey M. Stein
    Ashman & Stein
    150 North Wacker Drive
    Suite 3000
    Chicago, Illinois 60606
    312/782-3484

    For Defendant:   Julie Ann Sebastian
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-3359
    jasebas@cookcountygov.com

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange by July 25, 2008, the information required by Fed.R.Civ.P. 26(a)(1).

3. <u>Discovery Plan</u>. The parties jointly propose to the Court the following Discovery Plan:

(a) Plaintiff believes discovery will be needed on at least the following subjects:

   (i) Direct and indirect evidence of ADA discrimination;
   (ii) Plaintiff's work performance;
   (iii) Plaintiff's disability;
   (iv) Defendant's patterns and practices regarding the treatment of employees with disabilities;
   (v) Depositions of the individuals with knowledge; and
   (vi) Additional discovery as determined by the parties during the course of this litigation.

   Defendants believe discovery will be needed on at least the following subjects:

   (i) Specifically, Defendant must determine whether Plaintiff is disabled, and if so, in what way based on medical evidence, whether plaintiff requested a reasonable accommodation, and the nature of plaintiff's restrictions. Further, Defendant will need discovery regarding any causal connection between the protected activity and the claim of retaliation.

(b) The cut-off of fact discovery is: October 30, 2008.

(c) The maximum amount of Interrogatories by each party to any other party: 20. Responses are due within thirty (30) days of service of same.

(d) The maximum amount of Requests for Admissions by each party: As needed. Responses due within thirty (30) days of service of same.

(e) The maximum amount of depositions by Plaintiff and Defendant is undetermined at this time.

(f) Each deposition, other than that of Plaintiff and Defendant, is limited to seven (7) hours, unless extended by agreement of the parties or by order of the Court.

(g) With regard to experts:

   (I) Plaintiff shall disclose experts and reports, if any, under Rule 26(a)(2) within fifteen (15) days after the close of fact discovery; Defendant shall disclose experts and reports, if any, under Rule 26(a)(2) within fifteen (15) days of Plaintiff's disclosure.

   (ii) Each party may depose the expert of the other party within fifteen (15) days after disclosure of same.

4. <u>Other Items</u>.

The parties do not request a conference with the Court before entry of the scheduling order;

(a) The parties request a pretrial conference sixty (60) days prior to the trial of this matter;

(b) The parties must join additional parties by October 30, 2008.

(c) The last date to amend pleadings is October 30, 2008;

(d) Dispositive motions must be filed within thirty (30) days after the close of discovery;

(e) To date, settlement cannot be determined. The parties request a settlement conference be scheduled to explore the possibility of settlement;

(f) Final lists of witnesses and exhibits under Rule 26(a)(3) are due from the parties: within thirty (30) days after the last day to file dispositive motions;

(g) The parties must list their objections to witnesses and exhibits within fourteen (14) days after service of the final witness and exhibit lists.

(h) This case should be ready for trial by January 31, 2008; and is expected to take approximately five (5) court days.

DATE:   July 7, 2008

Respectfully submitted:

By:  /s/ Carey M. Stein                By:  /s/ Julie Ann Sebastian
One of Plaintiff's attorneys                One of Defendant's attorneys

C:\Documents and Settings\All Users\Documents\ACTIVE\powers v cook county\26f.wpd